| UNITED STATES DISTRICT COURT | | SOUTHERN DISTRICT OF TEXAS |
|---|---|---|

DIANA L. BANNER, §
　　　　　　　　　　　　　　　 §
　　　　　　Plaintiff, §
versus §　　CIVIL ACTION H-06-1677
　　　　　　　　　　　　　　　 §
JO ANNE BARNHART, §
COMMISSIONER OF §
SOCIAL SECURITY, §
　　　　　　　　　　　　　　　 §
　　　　　　Defendant. §

# Opinion on Summary Judgment

1. *Introduction.*

The issue in this case is whether substantial evidence supports the commissioner's decision that Diana L. Banner is not disabled under the Social Security Act. It does.

Banner brought this action for judicial review of the commissioner's decision denying her claims for disability insurance benefits. 42 U.S.C. §§ 405(g), 416(i), and 423. Both sides have moved for summary judgment.

2. *Standard of Review.*

Judicial review is limited to determining whether the decision is supported by substantial evidence in the record and whether the proper legal standard was applied to the evidence. *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994). The secretary must have employed a fair process. This court's duty is not to change decisions with which the court might disagree, but it must reverse those where governmental regularity has lapsed into an exercise of mere will. Conflicts in the evidence are for the Secretary–not the courts–to resolve. This court may not independently weigh the evidence, try issues afresh, or substitute its judgment for that of the secretary. *See Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990).

A decision unsupported by substantial evidence must fail. Substantial evidence is the level of proof that a reasonable mind is likely to accept as adequate to support a conclusion. A finding that substantial evidence is absent requires no credible evidentiary choices or cogent medical findings in support of the decision.

3. *Statutory Criteria.*

There is a two-part test for determining disability. First, the claimant must suffer from a medically determinable impairment that can be expected to last for at least one year. 42 U.S.C. § 423(d)(1)(A). Second, the impairment must prevent the claimant from engaging in gainful activity. 42 U.S.C. § 423 (d)(2)(A).

4. *Background.*

Diana L. Banner applied for disability benefits in January 2004. She says her disability began in August 2003, from post-cervical fusion, asthma, multiple foot surgeries, post-lumbar laminectomy, and hypertension.

The Social Security Administration denied Banner's applications at the initial and reconsideration stages of review; Banner requested a hearing before an administrative law judge.

The hearing then found that her claims of limitations were not credible and that her impairments did not meet the requirements of Listing 1.03 or 1.04. He also determined that Banner could do light work. Her prior job as a receptionist did not require anything beyond light work, and she did not suffer from a disability as defined by the Social Security Act.

Banner requested review of the decision with the appeals council, and in March 2006, the Appeals council affirmed. Banner then filed this action.

5. *Application.*

The commissioner applies a five-step process to decide disability:
1. If the claimant is presently working, then she is not disabled;
2. If the claimant does not have a "severe impairment" then she is not disabled;

>   3.  If the claimant has an impairment that meets the requirements of Appendix 1 of the Regulations, disability is presumed;
>   4.  If the claimant is capable of performing past relevant work, then she is not disabled; and
>   5.  If the claimant's impairments prevent her from doing any other gainful activity, taking into account her age, education, past work experience and capabilities, she will be found disabled.

20 C.F.R. § 404.1520 (a)(4)(i)-(v) (2006). Under this practice, the claimant must prove the first four steps to establish that she has a disability. Then, the commissioner is obliged to show that the claimant can perform other work. *McQueen v. Apfel*, 168 F.3d 152, 154 (5th Cir. 1999). If the commissioner shows that other jobs are available, the claimant may rebut. *Selders v. Sullivan*, 914 F.2d 614 at 618. A finding at any point in the process concludes the inquiry. 20 C.F.R. § 404. 1520 (a)(4).

> A.  *Past Work.*

Banner says that the hearing officer erred by finding her capable of performing past work and, therefore, not disabled. The officer considers whether (1) she can work as she has in the past, or (2) she can do work ordinarily required by employers. SSR 82-61.

Banner's work as a receptionist did not require her to work beyond her current capability. Banner testified that as a receptionist, she sat for eight hours and walked and stood for one hour. She answered telephones, sorted mail, and "cared for" the vending machines. Although her vending machine duties required occasional lifting, it was light work. Light work means not lifting more than twenty pounds and seldom lifting more than ten pounds.

Banner's physician, James Posey, also recommended that she exercise to improve her condition. If Banner was too disabled to work as a receptionist, it is unlikely that a physician would prescribe exercise in addition to her medicine.

Banner did not always comply with her doctor's orders to walk and do back exercises. Also, she had not received treatment for her back in the past three years. The judge considered this failure as an indication that she was not disabled.    *See Villa v.*

*Sullivan*, 895 F.2d 1019, 1024 (5th Cir. 1990). Substantial evidence supports the decision that Banner can continue to do her prior work.

### B. *Side Effects.*

Banner claims that the judge erred in failing to consider the side effects of her medication; she says it causes drowsiness and prevents her from working. Banner's subjective complaints–like drowsiness–must be corroborated by objective medical testimony. *Houston v. Sullivan*, 895 F.2d 1012, 1016 (5th Cir. 1989).

Although Banner testified that her medicine caused drowsiness, she had never complained to her treating physicians. The *Physician's Desk Reference* lists drowsiness as a side effect of her medication, but this is insufficient to show that she personally experienced it.

Banner is unable to produce objective evidence that her medicine made her drowsy. If she were, her argument fails because drowsiness is not a disability. Banner is, therefore, unable to show that the side effects of her medicine make her disabled.

### C. *Physician's Testimony.*

The judge may call a physician at the administrative hearing. 20 C.F.R. § 404.1527(f)(2)(iii). Banner insists that the judge must obtain an updated medical opinion on an impairment's effects if the evidence may change the state agency findings. However, this rule is not absolute; it grants the judge discretion to decide whether the medical expert testimony is required. SSR 96-6P.

At Banner's hearing, the judge reviewed the medical records of her neck and arm pain, arthritis, hypertension, and foot problems. Records from January 2003 and 2004 showed Banner's hypertension was doing "fairly well" and her laboratory results were "very good." Banner also had no neurological or orthopedic abnormalities that would preclude light work activity.

Banner's impairments are not severe enough to be presumptively disabling. If her impairments meet those listed in Appendix 1 of subpart P to 20 C.F.R. § 404, disability is presumed and benefits are awarded. To meet the requirements of Listing 1.03, Banner must be unable to walk effectively following surgery. Banner offered no such evidence.

Banner also failed to meet the requirements of Listing 1.04. She consistently reported pain in her back and neck, but she did not have motor, sensory, or reflex loss, as required by the Listing. A magnetic resonance imaging (MRI) of Banner's lumbar spine showed no evidence of focal nerve compression.

Based on the medical evidence, Banner had some pain and discomfort associated with her conditions, but the symptoms were mild to moderate. Working may cause a claimant pain or discomfort but this is not disability. In light of both the subjective testimony and the objective medical records considered by the judge, there is substantial evidence to support his conclusion. Banner was not disabled under the terms of the Social Security Act and no further testimony from a medical expert was required.

6.   *Conclusion.*

The decision of the commissioner denying Diana L. Banner's claim for disability insurance benefits will be, therefore, affirmed.

Signed on May 25, 2007, at Houston, Texas.

_____
Lynn N. Hughes     USDJ
United States District Judge